## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KRISSY GORSKI (02),

        Defendant.

Case No. 20-20018-02-DDC

## MEMORANDUM AND ORDER

Defendant Krissy Gorski has filed a pro se[1] Motion for Compassionate Release (Doc. 146). Ms. Gorski asserts that her family circumstances present an extraordinary and compelling reason for her release. But Ms. Gorski fails to present an extraordinary and compelling reason for compassionate release. The court thus denies Ms. Gorski's motion. The court explains this decision, below.

### I.    Background

On September 23, 2021, Ms. Gorski entered a guilty plea to an Indictment (Doc. 113) charging one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. On March 3, 2022, the court sentenced her to 60 months' in prison. Doc. 142. Her projected good time release date is June 5, 2026. *See* Krissy Gorski (Reg. No. 30095-031) (last visited Aug. 26, 2022), https://www.bop.gov/inmateloc/.

---

[1] People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Ms. Gorski filed the current Motion for Compassionate Release on June 6, 2022.  Doc.

146.  The government responded on July 6, 2022.  Doc. 149.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once

it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such

exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821,

830 (10th Cir. 2021) (citation and internal quotation marks omitted).  This exception permits

district courts to modify a term of imprisonment "upon motion of the defendant after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. §

3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text,

and requirements).  Our Circuit has held that this exhaustion requirement is a claim-processing

rule that the government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027,

1030–31 (10th Cir. 2021).

Separate from this exhaustion requirement, the court applies a three-step substantive

analysis to motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042

(10th Cir. 2021).  The court may grant a motion for reduction of sentence only if "(1) the district

court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district

court finds that such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission; and (3) the court considers the factors set forth in [18 U.S.C.] §

---

[2]        Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the
district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for
such relief."  *See Maumau*, 993 F.3d at 830 (emphasis added).

3553(a), to the extent that they are applicable." *Id.* Relief may "be granted only if all three prerequisites are satisfied," and, so, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021). The Tenth Circuit has held that it does not view the first step in § 3582(c)(1)(A)—"extraordinary and compelling" reasons—as jurisdictional. *See Hald*, 15 F.4th at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

The court need not address the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, "until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

## III. Analysis

*First*, the court considers whether Ms. Gorski has exhausted her administrative remedies. The government never asserts that Ms. Gorski failed to exhaust. So, the court's analysis will move to the next step.

*Second*, the court must determine whether Ms. Gorski presents "extraordinary and compelling" reasons for compassionate release. Ms. Gorski asserts that her "children are in need of a primary caregiver" because her stepmother and sister, the persons to whom she had entrusted her children, both have passed away. Doc. 146 at 1-2. The Federal Sentencing Guidelines specifically mention that "family circumstances" may present an extraordinary and compelling reason for compassionate release. U.S. Sent'g Guidelines § 1B1.13 (U.S. Sent'g Comm'n 2018). Commentary to the Sentencing Guidelines defines family circumstances to

include the "death or incapacitation of the caregiver of the defendant's minor child[.]"  *Id.* §

1B1.13 cmt. 1.(C).[3]  While both children's caretakers have passed away, Ms. Gorski's situation

does not warrant compassionate release.  Even if she were released from her sentence, Ms.

Gorski has not shown that she has legal custody of her children.  Ms. Gorski has lost custody of

her children before due to drug relapse and there is no guarantee that the state of Kansas would

return her children to her immediately —or remain with her—if she is released from prison.

"Unfortunately, 'the care of minor children is a problem faced by many convicted defendants.'"

*United States v. Vela-Salinas*, No. 3:11-cr-00083-19, 2022 WL 391490, at *5 (M.D. Tenn., Feb.

8, 2022) (quoting *United States v. Kibby*, No. 2:19-cr-179, 2021 WL 2009568, at *3 (S.D. Ohio

May 20, 2021)).  "[S]uch a problem, without more, is an ordinary, not extraordinary,

circumstance."  *Id.*; *see also United States v. Reed*, No. 2:15-CR-752 TS, 2022 WL 844435, at

*2 (D. Utah Mar. 22, 2022) (acknowledging defendant's family circumstances involving

struggling daughters were "undoubtedly difficult" but not extraordinary and compelling reasons

because "familial hardship often results from criminal conduct").  Thus, the court concludes that

even if Ms. Gorski has exhausted all her remedies with the BOP, Ms. Gorski has not met her

burden to demonstrate extraordinary and compelling reasons for her release.

   *Third*, if Ms. Gorski had presented extraordinary and compelling reasons for

compassionate release, the court then would have to consider the sentencing factors in 18 U.S.C.

§ 3553(a).  Those factors include:  (1) defendant's personal history and characteristics; (2) her

sentence relative to the nature and seriousness of her offenses; (3) the need for a sentence to

---

[3]    The Sentencing Commission's Guidelines and their commentary don't bind the court, but the court finds this definition of family circumstances useful.  *See United States v. Barrio*, No. 21-6103, 2022 WL 898764, at *4 (10th Cir. Mar. 28, 2022) (citing Sentencing Guidelines § 1B1.13 cmt. 1 and noting that these "policy statements guide, but do not confine, the court in its analysis of extraordinary and compelling circumstances warranting a sentence reduction").

4

provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a). Ms. Gorski's prior criminal convictions include multiple charges of drug possession and possession of drug paraphernalia, and her criminal history score at sentencing was 18, placing her in the highest criminal history category, category VI. Doc. 138 at 17–25 (PSR ¶¶ 65–84). This history shows her years-long struggle with addiction and drug abuse. Her struggle culminated in this latest charge, which involved Kansas Highway Patrol troopers engaging in a high-speed chase with her co-defendant ending when her co-defendant sustained injuries in a gun battle with those same officers. This chase and gun battle followed a trip to the Mexican border to secure methamphetamine to distribute, a trip that Ms. Gorski willingly assisted. And while the court greatly regrets the children's current difficulty, the fact remains that Ms. Gorski was the mother of the children while she participated in this drug trafficking event and the shooting it followed. She pleaded guilty to a serious charge involving dangerous activity. These facts do not favor compassionate release.

Her sentence in this case doesn't favor compassionate release, either. Ms. Gorski's criminal history score originally produced a sentencing guideline range of 151–188 months' imprisonment. *Id.* at 33 (PSR ¶ 129). Recognizing her troubled past, the court granted a variance on Ms. Gorski's sentence under 18 U.S.C. § 3553(a)(1), resulting in her current sentence of 60 months' imprisonment. Doc. 143 at 1. Ms. Gorski has served not even a quarter of that sentence. The court finds these factors weigh heavily against Ms. Gorski's motion. They, too, do not favor compassionate release.

IV.     **Conclusion**

As explained above, the court denies Ms. Gorski's motion for two independent reasons: (1) she does not present extraordinary and compelling reasons for compassionate release, and (2) the § 3553(a) factors do not favor compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Gorski's Motion for Compassionate Release (Doc. 146) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of September, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**