IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KRISSY GORSKI (02),<br><br>Defendant. | Case No. 20-20018-02-DDC |

## MEMORANDUM AND ORDER

This matter is before the court on pro se movants[1] Jorel Shophar and Raphah Shophar's "Motion to Intervene" (Doc. 164). Jorel Shophar and Raphah Shophar (collectively, "the Shophars") move to intervene as a matter of right, invoking Federal Rule of Civil Procedure 24(a), or permissively under Rule 24(b). Mr. Jorel Shophar shares two children with Ms. Gorski and seeks to intervene to "protect his children." Doc. 164 at 1. On September 1, 2023, defendant Krissy Gorski filed a Response opposing the Shophars' intervention (Doc. 174). She argues that the Shophars (1) don't have a right to intervene in a criminal case and (2) have no interest in her criminal case. Doc. 174 at 2. On September 5, 2023, the Shophars filed a Reply (Doc. 176), reiterating Mr. Jorel Shophar's parental rights. Doc. 176. The government takes no position on the Motion to Intervene (Doc. 179).

---

[1] Because movants proceed pro se, the court construes their filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se parties. *See Hall*, 935 F.2d at 1110.

The court agrees with Ms. Gorski. The Shophars have no right to intervene in a criminal case and they have no interest in Ms. Gorski's case. The court thus denies the movants' Motion to Intervene (Doc. 164) for the following reasons.

I.   **Background**

In January 2020, Ms. Gorski assisted Dustin Schultz-Bergin with trafficking illegal drugs from El Paso, Texas to Kansas City. Doc. 138 at 7. On their way back to Kansas from Texas, Ms. Gorski and Mr. Schultz-Bergin stopped at a combined services area on the Kansas Turnpike in Chase County, Kansas. *Id.* Ms. Gorski exited the vehicle and entered the service area to use the restroom. *Id.* Drug Enforcement Administration agents and other law enforcement officers coordinated to arrest Mr. Shultz-Bergin. *Id.* at 6. Officers spotted Mr. Schultz-Bergin outside the rest stop and approached him. *Id.* at 7. Mr. Schultz-Bergin saw the officers, got in the car, backed into the officers' vehicle, and drove away at high speed. *Id.* Officers pursued Mr. Schultz-Bergin and disabled his vehicle. *Id.* Mr. Schultz-Bergin fled the vehicle on foot and one of the officers shot him and officers apprehended him. *Id.* Ms. Gorski remained at the service area during this encounter. *Id.*

On September 23, 2021, Ms. Gorski pleaded guilty under a plea agreement to one count of Conspiracy to Distribute and Possession with Intent to Distribute 50 Grams or More of Methamphetamine, violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846, Doc. 114. On March 3, 2022, the court sentenced her to 60 months in prison, followed by five years of supervised release. Doc. 142. On June 6, 2022, Ms. Gorski filed a Motion for Compassionate Release so she could care for her two sons. Doc. 146. She explained that her stepmother and sister—Ms. Gorski's sons' caretakers during her custody—both had passed away and the children needed a primary caregiver. *Id.* at 1–2. The court denied Ms. Gorski's Motion for

Compassionate Release. Doc. 158. It found that Ms. Gorski failed to present an extraordinary and compelling reason for release, given she had pleaded guilty to a dangerous drug trafficking event which ended in a dangerous arrest of her co-conspirator. *Id.* On July 11, 2023, the Tenth Circuit found that Ms. Gorski had not participated in the dangerous arrest because she had entered the service area and remained there during the car-chase and arrest. *United States v. Gorski*, No. 22-3244, 2023 WL 4446354 (10th Cir. July 11, 2023). It thus remanded Ms. Gorski's Motion for Compassionate Release (Doc. 146) for the district court to consider extraordinary and compelling reasons for release absent Ms. Gorski's involvement in the dangerous arrest. *Id.*

The Shophars moved to intervene shortly thereafter. Doc. 164-1 at 19. Mr. Jorel Shophar alleges that Ms. Gorski "has not adequately protected the children's or Shophar's interest but has presented a false narrative" about her children's caregivers passing. *Id.* Mr. Jorel Shophar argues that he, as a parent, has a right to intervene and "protect the children from any harm." *Id.* And Mr. Raphah Shophar, as J.S. and B.S.'s eldest sibling, also claims he has "rights to seek for custody and is an available caregiver." *Id.*

## II. Analysis

Federal Rule of Civil Procedure 24 governs intervention, both intervention as a matter of right and permissive intervention. *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019). But Rule 24 doesn't apply to criminal cases. *United States v. Sullivan*, 6 F. App'x 723, 724 (10th Cir. 2001); *see also United States v. Linnell*, No. CR. 07-282, 2008 WL 11451595, at *1 (D.N.M. Apr. 17, 2008). And this court, like other federal courts, isn't "aware of any provision of the Federal Rules of Criminal Procedure that would permit a third party to intervene in a criminal case." *Application of N.Y. Times Co.*, 708 F. Supp. 603, 604 (S.D.N.Y.

3

1989).  Because the Shophars seek to intervene in Ms. Gorski's criminal case, the court denies the Shophars' Motion to Intervene (Doc. 164).  But even if the law permitted the Shophars to intervene—a proposition that the court rejects—the court still would deny their motion if Rule 24(a) and 24(b) applied in this criminal case.  The court now explains its reasoning.

### A.     Intervention as of Right

A party may move to intervene as a matter of right under Rule 24(a).  Fed. R. Civ. P. 24(a).  The Tenth Circuit has construed the rule to require:

> A nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties.

*Barnes*, 945 F.3d at 1121 (citation and internal quotation marks omitted).  The Shophars' Motion to Intervene satisfies none of these four elements.  The court explains each conclusion about the requisite, in turn.

#### i.     Timeliness

The court views timeliness "in light of all the circumstances," with a particular emphasis on three factors:

(1)     "the length of time since the movant knew of its interest in the case;

(2)     prejudice to the existing parties; and

(3)     prejudice to the movant."

*Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010) (internal brackets omitted).  The Shophars' motion is untimely because:  (1) Mr. Jorel Shophar knew about his interest in the case well over a year before he moved to intervene; (2) intervention would prejudice the existing parties; and (3) denying the motion doesn't prejudice the Shophars.

*First*, over a year passed between when the Shophars knew Ms. Gorksi was in prison and that J.S. and B.S.'s caretakers had passed and when the Shophars moved to intervene. Mr. Jorel Shophar learned that Ms. Gorski was incarcerated on March 7, 2022. Doc. 164-1 at 10. And by at least April 8, 2022, Mr. Jorel Shophar learned that both Ms. Gorski's stepmother and sister had passed. *Id.* at 2. Yet, the Shophars filed the Motion to Intervene, seeking custody, on July 16, 2023.

*Second*, if the court granted the Shophars' Motion to Intervene, it would prejudice Ms. Gorski and the United States. Mr. Jorel Shophar doesn't purport to have anything to add to the government's case against Ms. Gorksi, Ms. Gorski's claim for early release, or any claims of his own relating to Ms. Gorski's drug trafficking charges. The Shophars' involvement in the case only would complicate and impede further proceedings.

*Third*, the Shophars aren't prejudiced if the court denies their Motion to Intervene. They seek to dispute child custody issues with Ms. Gorski. Doc. 164. Child custody is a matter for state courts. *United States v. Windsor*, 570 U.S. 744, 767 (2013) ("Federal courts will not hear divorce and custody cases . . . because of 'the virtually exclusive primacy . . . of the States in the regulation of domestic relations.'") (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 714 (1992)). Denying the Shophars access to this federal case doesn't impede their ability to challenge child custody in the appropriate venue.

### ii. Interest Relating to the Transaction

Intervention as of right requires the movant to show "an interest in the property or transaction, whereby the disposition may as a practical matter impair or impede the petitioner's ability to protect that interest." *Nat'l Farm Lines v. I.C.C.*, 564 F.2d 381, 383 (10th Cir. 1977). The Shophars hold no interest in the United States's criminal case against Ms. Gorski outside

that of any other citizen—seeing that the government enforces the country's laws while protecting defendant's rights. This right is not unique to the Shophars. And while Mr. Jorel Shophar asserts an interest in having custody over his sons, this case and this court aren't the venue to protect that interest. *See supra* § II.A.i.

### iii. Potential Impairment of Interest

The court concludes that the Shophars have no interest in the case. Thus, the Shophars absence from this lawsuit won't impair their interests.

### iv. Inadequate Representation by Existing Parties

Parties aren't entitled to intervene if existing parties to the litigation adequately represent the movants' interests. *Tri-State Generation & Transmission Ass'n, Inc. v. N.M. Pub. Regul. Comm'n*, 787 F.3d 1068, 1072 (10th Cir. 2015). But the "likelihood of a divergence of interest 'need not be great' to satisfy the requirement." *Id.* (quoting *Nat. Res. Def. Council v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978)).

The court concludes that the Shophars have no interest in the case outside seeing that the government enforces the country's laws while respecting defendant's rights. And the United States already adequately represents this interest. So, the Shophars satisfy none of the four elements required for intervention as of right.

The court next analyzes the Shophars' permissive intervention request.

## B. Permissive Intervention

Federal Rule of Civil Procedure 24(b)(1) provides that the court may "permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."

The Shophars cite no statutory right to intervene.[2] And they share no claim or defense implicated in Ms. Gorski's case. The Shophars seek to intervene to dispute a child custody dispute, but the present case involves the government's claim against Ms. Gorski for criminal drug trafficking and Ms. Gorski's subsequent claim requesting compassionate release. Accordingly, the court denies the Shophars's Motion to Intervene (Doc. 164) under Fed. R. Civ. P. 24(b).

### III.     Conclusion

The court determines that the Shophars haven't adduced sufficient arguments or evidence that they must intervene in the United States's case against Ms. Gorski. The court denies movants' "Motion to Intervene" (Doc. 164).

**IT IS THEREFORE ORDERED THAT** movants' Motion to Intervene (Doc. 164) is denied.

**IT IS SO ORDERED.**

**Dated this 13th day of November, 2023, at Kansas City, Kansas.**

                                        s/ Daniel D. Crabtree
                                        **Daniel D. Crabtree
                                        United States District Judge**

---

[2]     Movants' Memorandum on the Motion to Intervene quotes Fed. R. Civ. P. 24(b)(A) and a Texas State Court of Appeals case about terminating parental rights. Doc. 164-1 at 22; *In re K.E.S.*, No. 02-11-00420-CV, 2012 WL 4121127 (Tex. App. Sept. 20, 2012). But the Texas case neither persuades nor informs the court, given its focus on family law, the proper domain of state court. Movants cite no statute that grants them a conditional right to intervene.