IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,

           **Plaintiff**,

v.

**KRISSY GORSKI (02)**,

           **Defendant**.

Case No. 20-20018-02-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Krissy Gorki's Motion to Strike (Doc. 175). Ms. Gorski's motion relates to a Motion to Intervene (Doc. 164) filed by Jorel and Raphah Shophar ("the Shophars"). Ms. Gorki asked the court to deny the Shophars' motion because "the Shophars have no cognizable interest in Ms. Gorski's criminal case[.]" Doc. 175 at 1. In an earlier Memorandum and Order (Doc. 191), the court agreed with Ms. Gorski and denied the Shophars' Motion to Intervene (Doc. 164). The court now addresses Ms. Gorski's request that the court strike the Shophars' filing.

Because the Shophars had no right to intervene in her criminal case, Ms. Gorski requests that the court "strike from the record any and all pleadings bearing the name of Jorel Shophar or Raphah Shophar." Doc. 175 at 6. Ms. Gorski also asks the court "to reject any and all future filings made on behalf or under the name Jorel Shophar, Raphah Shophar, or Sasuah Shophar or any likeness thereof of any listed names." *Id.* at 7. Ms. Gorski doesn't specify a Federal Rule of Criminal Procedure that supports her request for relief. The court nonetheless "has inherent authority to manage its docket, including the authority to strike filings." *Kirven v. Curry Cnty.*

*Det. Ctr.*, 407 F. Supp. 3d 1184, 1185 (D.N.M. 2019) (collecting authorities). Indeed, other district courts within our Circuit have struck the filings of failed intervenors in criminal cases. *See United States v. Linnell*, No. CR. 07-282, 2008 WL 11451595, at *1 (D.N.M. Apr. 17, 2008).

The court thus grants Ms. Gorski's Motion to Strike (Doc. 175)—but only in part. The court orders the Clerk of the Court to strike the Shophars' filing, as requested. But Ms. Gorski also asks the court to reject future filings from Jorel, Raphaph, or Sasuah Shophar. Only Jorel and Raphah Shopar have filed anything in this case; Sasuah Shophar hasn't. Though Ms. Gorski asserts that Sasuah Shophar is Jorel Shophar's wife, the court can't act against someone who isn't in the case because she's married to a failed intervenor. But—to be clear—if Sasuah Shophar attempts to intervene based on the same grounds asserted by Jorel and Raphah Shopar, her motion likely will meet the same fate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Krissy Gorski's Motion to Strike (Doc. 175) is granted in part and denied in part.

**IT IS FURTHER ORDERED** the Clerk of the Court shall strike from the record any pleading bearing Jorel Shophar or Raphah Shophar's signature and not accept any more pleadings bearing Jorel Shophar or Raphah Shophar's signature. They aren't parties to this action.

**IT IS SO ORDERED.**

**Dated this 1st day of December, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
