IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      **Plaintiff**,

v.

**KRISSY GORSKI (02)**,

      **Defendant**.

Case No. 20-20018-02-DDC

## MEMORANDUM AND ORDER

   Defendant Krissy Gorski has filed an "Unopposed Motion to Seal Government Response to Ms. Gorski's Compassionate Release Motion" (Doc. 187). Ms. Gorski asserts that the court should seal the government's response (Doc. 186) because it "contains sensitive information about Ms. Gorski and her minor children." Doc. 187 at 1. The filing also expresses "concerns about Ms. Gorski and her children's safety should this information remain public." *Id.* The government doesn't oppose the motion. *Id.* As explained below, the court grants the motion.

   The Supreme Court recognizes the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted). But this right is not absolute. *Id.* at 598. As a result, "there is a 'strong presumption in favor of public access[.]'" *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). This "strong presumption" increases when the information subject to a request to seal or redact provides the basis for a court's decision on the merits of the litigation. *Id.*

A party may rebut the presumed access to judicial records by demonstrating that "'countervailing interests heavily outweigh the public interests in access.'"  *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).  The party seeking to deny public access must shoulder the burden to establish a sufficiently significant interest that outweighs the presumed access.  *Id.*

The court agrees with Ms. Gorski that the safety of her and her children is a sufficiently significant interest that outweighs the strong presumption in favor of public access.  The court notes that the government's response doesn't oppose Ms. Gorski's release—a critical data point that heavily influenced the court's decision to release Ms. Gorski.  But, given the safety concerns of this case, the court concludes that Ms. Gorski has shouldered her burden to rebut the presumption of public access.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Krissy Gorski's Motion to Seal (Doc. 187) is granted.  The government's response (Doc. 186) shall remain under seal and the Clerk is directed to remove the provisional designation from Doc. 186.

**IT IS SO ORDERED.**

**Dated this 1st day of December, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**